UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

METABANK,
a federally chartered savings bank,

    Plaintiff,

v.

PANGEA ENTERPRISES, INC;
MARCO PESQUERA, an individual;
CB&I, LLC; CC JV LLC;
and MCDERMOTT INTERNATIONAL, INC.,

    Defendants.

Case No.
Hon.
Mag.

# COMPLAINT

Plaintiff MetaBank, a federally chartered savings bank, as successor by merger with Crestmark Bank, a Michigan banking corporation, for itself, and as assignee of Pangea Enterprises, Inc. (collectively "Crestmark"), by its attorneys, Katten Muchin Rosenmann, LLP and Jaffe, Raitt, Heuer & Weiss, P.C., complains of Defendants, Pangea Enterprises, Inc ("Pangea"), Marco Pesquera ("Pesquera") and CB&I, LLC ("CB&I"), CC JV LLC ("CC JV") and McDermott International, Inc. ("McDermott"), and would respectfully show the Court the following:

# PARTIES

1. Crestmark is a federally chartered savings bank with offices located in Troy, Michigan and its principal place of business in Sioux Falls, South Dakota.

2. Pangea is a Texas corporation with its principal place of business located in Houston, Texas. Pangea agreed to jurisdiction in any court that Crestmark elects to file within.

Accordingly, this Court has jurisdiction over Pangea as a result of its contractual agreement with Crestmark.

3. Pesquera is an individual and, upon information and belief, is a resident of Houston, Texas. Pesquera agreed to submit to the jurisdiction of any court that Crestmark elects to file within. Accordingly, this Court has jurisdiction over Pesquera as a result of its contractual agreement with Crestmark.

4. CB&I is a large engineering, procurement and construction (EPC) company registered to do business in the State of Illinois with its administrative headquarters in The Woodlands, Texas. CB&I specializes in projects for oil and gas companies all over the United States.

5. CCJV is a joint venture between CB&I and Chiyoda Corporation for the purpose of design and construction projects in Louisiana.

6. McDermott is a multinational corporation with its principal place of business in Houston, Texas and does systemic and regular business in Plainfield, Illinois, which is within the Northern District of Illinois, Eastern Division. McDermott's presence within the State of Illinois is such that it would reasonably be expected to be subject to the jurisdiction of the Northern District of Illinois. McDermott is also, upon information and belief, the successor by merger of CB&I.

## JURISDICTION AND VENUE

7. Subject matter jurisdiction is proper in this court pursuant to, among other things, 28 U.S.C. §1332(a), as diversity exists between the parties and the amount in controversy exceeds $75,000.00. The locations at issue are Illinois, Louisiana, Michigan, South Dakota, and Texas. The Plaintiff is not a resident of Illinois or Texas and no Defendant is a resident of

Michigan or South Dakota and none of the Defendants maintain their principal place of business in Michigan or South Dakota.

8. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2),(3) and (d) as CB&I and McDermott both conduct business within the state.

9. Pangea and Pesquera have consented to jurisdiction and venue in this Court pursuant to the underlying loan documents at issue in this litigation. *See* Loan and Security Agreement, Paragraph 22 (**Exhibit 1**)

## FACTUAL ALLEGATIONS

A. **CRESTMARK'S RELATIONSHIP WITH PANGEA.**

10. Crestmark entered into a financial arrangement with Pangea, pursuant to which Crestmark made advances to Pangea (the "Advances") based on Pangea's account receivables.

11. On or around January 10, 2017, Pangea executed a Promissory Note (Line of Credit) (the "Note") and a Loan and Security Agreement ("Loan Agreement") that provided the terms and conditions governing the parties' relationship, including repayment of the Advances. *See* **Exhibit 1.**

12. Pursuant to the Loan Agreement, Pangea granted Crestmark a "security interest in all of its assets, now existing, or hereafter arising, wherever located including all Accounts…" to secure repayment of the obligations of Pangea to Crestmark (the "Collateral"). *See* **Exhibit 1, Section 8A.**

13. Simultaneously with Pangea's execution of the Loan Agreement and Note, Pesquera executed a Personal Guaranty in which he unconditionally guaranteed any and all obligations of Pangea. *See* **Exhibit 2**.

14. On January 23, 2018, Crestmark declared an event of default under the Loan Agreement and accelerated the indebtedness owed under the Note as permitted by the Loan Agreement and Note. *See* **Exhibit 3**.

15. As of June 26 2018, the outstanding indebtedness owed by Pangea, and guaranteed by Pesquera, is $240,910.75 plus interest, attorneys' fees and other costs of collection ("Outstanding Indebtedness"). *See* **Exhibit 4**.

16. As of the filing of this Complaint, Pangea and Pesquera have failed to pay the Outstanding Indebtedness owed to Crestmark.

**B.  CB&I'S INDEBTEDNESS WITH PANGEA.**

17. Pursuant to the Agreement, the Collateral consists of, among other things, all right and title to Pangea's account receivables, including any account receivables owed by CB&I to Pangea.

18. Pursuant to the Agreement and the Uniform Commercial Code, Crestmark has the right to, among others, demand remittance directly to Crestmark by CB&I of any amounts owed by McDermott to Pangea. *See* **Exhibit 1, Section 8C.**

19. On June 17, 2018, Crestmark notified CB&I of its obligation to make any payments owed to Pangea to Crestmark. *See* **Exhibit 5**.

20. Upon information and belief, on March 31, 2018, Pangea issued Invoice No. 4541 to CB&I in the amount of $138,135.43 ("CBI Invoice").

21. Upon information and belief, on April 7, 2018, Pangea issued Invoice No. 4546 to CCJV in the amount of $119,981.18 ("CCJV Invoice", and together with the CBI Invoice, the "Outstanding Invoices"). *See* Statement of Account, **Exhibit 6**.

22. Based upon past payments, invoices issued by Pangea to CCJV were paid by CB&I.

23. As of the filing of this Complaint, CB&I has failed to pay the Outstanding Invoices.

24. In May, 2018, McDermott and CB&I announced that both entities had merged together with McDermott acting as the successor by merger of CB&I.

## COUNT I –
## ACCOUNT STATED
### (MCDERMOTT/CB&I/CC JV LLC)

25. Each of the foregoing paragraphs are incorporated and reasserted herein by reference.

26. As set forth above, Pangea provided services to CB&I.

27. For services relating to the CB&I-Choyoda joint venture project, Pangea sent invoices to CCJV, but the invoices were paid by CB&I.

28. CB&I was not required to remit payment for the services in advance or even contemporaneously with the services provided by Pangea.

29. Instead, Pangea created an account with CB&I whereby it was permitted to procure services from Pangea on credit and Pangea would issue an invoice for the service shortly after completion.

30. Pangea submitted the Outstanding Invoices to CB&I for amounts due and owing for the services performed by Pangea.

31. CB&I received the Outstanding Invoices from Pangea.

32. There was an actual and implied promise by CB&I to pay the amounts due on its account with Pangea.

33. Upon information and belief, McDermott is the successor by merger of CB&I.

34. There remains an unpaid balance, due and owing to Pangea (payable to Crestmark), in the amount of $258,116.61. An Affidavit of Account Stated is attached at **Exhibit 6**.

WHEREFORE, Crestmark respectfully requests that the Court enter a judgment against McDermott, CB&I and/or CC JV LLC in an amount exceeding $75,000.00, plus interest, costs, and attorneys' fees, and grant Crestmark all such relief which is just and appropriate under the circumstances.

### COUNT II – <br> BREACH OF GUARANTY <br> (Pesquera)

35. Each of the foregoing paragraphs are incorporated and reasserted herein by reference.

36. As part of the Loan Agreement, Pesquera executed the Guaranty, which guaranteed Pangea's obligations to Crestmark under the Loan Agreement and Note.

37. Pursuant to the Loan Agreement and Guaranty, Pesquera is liable to Crestmark for all obligations under the Loan Agreement and Note, and all expenses and reasonable attorneys' fees incurred by Crestmark in enforcing the Loan Agreement, Note and Guaranty.

38. Pesquera has failed and/or refused to pay the obligations due to Crestmark pursuant to the Guaranty.

WHEREFORE, Crestmark respectfully requests that the Court enter a judgment against Pesquera, jointly and severally, in an amount exceeding $75,000.00, plus interest, costs, and attorneys' fees, and grant Crestmark all such relief that is just and appropriate under the circumstances.

4180712.v1

## COUNT III:
### BREACH OF CONTRACT
**(Pangea)**

39. Each of the foregoing paragraphs are incorporated and reasserted herein by reference.

40. Crestmark and Pangea are parties to the Loan Agreement and Note.

41. Pangea breached the Loan Agreement and Note by failing to make payments as required under the Loan Agreement and Note

42. Crestmark has been damaged by Pangea's breach of the Loan Agreement and Note in the amount of $240,910.75 plus costs and interest.

WHEREFORE, Crestmark respectfully requests that the Court enter a judgment against Pangea, jointly and severally, in an amount exceeding $75,000.00, plus interest, costs, and attorneys' fees, and grant Crestmark all such relief, which is just and appropriate under the circumstances.

Respectfully submitted,

    /s/ Paige B. Tinkham
Paige Barr Tinkham (6282474)
KATTEN MUCHIN ROSENMAN LLP
525 W. Monroe Street
Chicago, IL 60661-3693
1.312.902.5644
1.312.902.1061 (fax)
paige.tinkham@kattenlaw.com

-and-

Jonathan C. Myers (Michigan P69972)
JAFFE RAITT HEUER & WEISS, P.C.
Grand Park Centre
28 W. Adams Ave., Suite 1500
Detroit, Michigan 48226
248.351.3000

         248.351.3082 (fax)
         jmyers@jaffelaw.com

         *Attorneys for Plaintiff*

Dated: August 10, 2018

4180712.v1
US_134892893